Rafael Ortega, demandante y apelante, *v.* Figueroa & Gautier, demandada y apelada.

No. 6618.—*Sometido:* Abril 3, 1935. *Resuelto:* Abril 26, 1935.

*Carlos D. Vázquez,* abogado del apelante; *J. Valldejuli,* abogado de la apelada.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Ésta es una acción en reclamación de daños y perjuicios iniciada por Rafael Ortega contra la firma Figueroa & Gautier, con motivo de un accidente ocurrido en 18 de agosto de 1932. Se alega en la demanda que el demandante, que conducía una bicicleta por la Avenida Fernández Juncos, del municipio de San Juan, fué arrollado por un *truck* de la propiedad de la demandada, guiado negligentemente por Juan Colón Martínez, sin tocar *claxon* ni bocina, ni ningún otro aparato de alarma, y sin dar aviso alguno de su aproximación, y caminando por el lado izquierdo de la carretera a una velocidad mayor de veinticuatro kilómetros por hora. Alega asimismo el demandante que la demandada Figueroa & Gautier era en la fecha del accidente una sociedad mercantil constituída de acuerdo con las leyes de Puerto Rico, que se dedicaba a la compraventa de automóviles y *trucks,* y que el citado conductor del autocamión que arrolló al demandante y apelante era empleado de la demandada, actuando en aquel

momento dentro de las funciones de su empleo. Termina la demanda solicitando que se condene a la demandada a pagar al demandante la suma de $500 en que estima el montante de los daños sufridos en virtud del alegado accidente.

Negó la demandada los hechos esenciales de la demanda, admitiendo su carácter de sociedad mercantil y alegando como defensa especial que el accidente ocurrido al demandante se debió exclusivamente a su negligencia, imprudencia y temeridad.

La acción se originó en la Corte municipal de San Juan, que declaró sin lugar la demanda. La Corte de Distrito dictó el mismo fallo en apelación. Se atribuyen varios errores a la corte inferior. Empezaremos por el segundo y último, basados en que dicho tribunal cometió error "al dictar sentencia desestimando la demanda, y al concluir que la negligencia del apelante fué la causa próxima del accidente y no decidir que el mismo se debió a la negligencia de la firma demandada toda vez que esa conclusión no está sostenida por la prueba, la cual demuestra, preponderantemente, la negligencia de la apelada."

Los hechos que considera probados la parte apelante no discrepan sustancialmente de aquéllos que estima demostrados el tribunal inferior. Según el apelante quedaron probados los siguientes extremos:

"El 18 de agosto de 1932, el demandante y apelante, Rafael Ortega, viajaba en una bicicleta de pedal por el lado derecho de la Avenida Fernández Juncos de San Juan, con dirección de este a oeste, y en la misma dirección transitaba un *truck* marca Willis Knight, con tablillas demostrativas número X2–19. Al llegar a la esquina de la calle Nolasco Rubio de Puerta de Tierra, Ortega extendió su mano izquierda en ángulo recto, indicando su intención de cruzar, y cruzó hacia la izquierda por donde caminaba el *truck*. Al dar alcance el *truck* a la bicicleta, el conductor del primero no tocó claxon, ni bocina, ni ningún otro aparato de alarma, ni dió aviso alguno de su aproximación, por lo cual cruzó Ortega hacia la izquierda, siendo atrapado por el *truck* y lanzado al pavimento; recibiendo el apelante una herida leve en el brazo izquierdo y una fuerte contusión

en la región lumbar que le impidieron trabajar por un término de veinte días y le produjeron cruentos dolores físicos y angustias mentales.''

La corte inferior estima demostrado que ''el día 18 de agosto de 1932, como a las 4:30 de la tarde, el demandante corría en una bicicleta de pedal por la Avenida Fernández Juncos, de San Juan, y en la misma dirección transitaba un *truck* marca Willis Knight, con tablillas X2–19; que al llegar a la esquina de la calle Nolasco Rubio, antes llamada Pelayo, de Puerta de Tierra, cuando el *truck* daba alcance a la bicicleta, el conductor de ésta extendió su mano en ángulo recto y cruzó hacia la izquierda, por donde caminaba el *truck,* recibiendo el ciclista una herida pequeña de carácter leve en el codo izquierdo, según declaró el Dr. Emilio Cumpiano.''

Como se ve, es un hecho admitido por las partes y declarado probado por la corte inferior, que el apelante, cuando el *truck* daba alcance a la bicicleta, extendió su mano en ángulo recto y cruzó hacia la izquierda. A juicio de la corte inferior la señal que hizo el demandante, de acuerdo con el artículo 12, letra *f*, de la Ley de Automóviles, fué de pararse y no de cruzar de la derecha a la izquierda del camino. Declara dicho tribunal que la Avenida Fernández Juncos es un camino público de mucho tráfico, donde había probabilidades de que al demandante le siguieran otros vehículos, como se ha demostrado lo seguían, y que fué negligente al doblar la esquina en la forma en que lo hizo, siendo esta negligencia la causa del accidente.

Refiriéndose a la señal de que habla la corte sentenciadora, dice el demandante:

''Esa señal la hice al tomar la esquina, al doblar, estando en la derecha, en el mismo momento de doblar y toqué timbre. Había un policía. La calle para donde yo iba a doblar se llama Nolasco Rubio hoy, antes Pelayo. Esa calle termina en el mar. Llevaba el encerado al Muelle 5. Pasaba por allí en negocios particulares míos. Es un sitio poblado. Cuando el *truck* me dió yo iba con mi

marcha para doblar hacia la calle Pelayo, estaba cruzando la carretera de derecha a izquierda, para la Marina. Cuando ya estaba. cruzando la carretera fué que sentí el golpe. Yo no ví el *truck,* si lo hubiera visto no paso. Yo no podía mirar a una gran distancia pues estando montado en la bicicleta podía mirar para adelante pero no para detrás. Sé guiar bicicleta. Aprendí desde muchachito en Morovis. Cuando se va en bicicleta no se puede mirar hacia atrás a larga distancia. Había personas delante. Miré hacia atrás pero no a larga distancia. No sentí el ruido del *truck,* no recuerdo su color; no ví la persona que allí lo guiaba. En aquel momento no me fijé en las tablillas pues yo caí como muerto al piso; sé que era un *truck.* Venía de Santurce con dirección a San Juan. En la misma dirección que yo traía. El *truck* me dió con la parte delantera de la caja, no con el guardalodo.''

Juan A. Piñero, testigo del demandante, declara entre otras cosas lo siguiente: ''El *truck* le dió a la bicicleta con la parte delantera derecha. No sé dar cuenta si le dió con el guardalodo o con la primera compuerta. No sé si el *truck* chocó con la bicicleta o la bicicleta con el *truck.* Eso fué casi hacia el centro de la carretera; más hacia la izquierda que la derecha y lo que sucedió fué que el otro se metió por dentro creyendo que él quizás no iba a virar por allí. Yo no llegué a ver más que el momento del choque.''

Francisco Ríos, quien venía detrás de Ortega en una bicicleta, dice que ''el *truck* no tocó *claxon,* ni bocina, ni hizo otra señal de alarma'', que Ortega iba delante de él, ''sacó la mano y dobló y cuando dobló vino el carro y le dió el cantazo, tirándolo a la carretera.''

El testigo Agapito Miranda declara que no pudo apreciar el accidente, que cuando vió a Ortega ya estaba en el suelo; que el accidente fué con un *truck* que siguió caminando y que no oyó *claxon* ni bocina a pesar de que estaba como a diez pasos.

La prueba de la demandada consistió en el testimonio del policía insular Hipólito Torres, quien declara entre otras cosas lo siguiente: ''El *truck* venía por la izquierda para pasarle a la bicicleta. Yo observé que venía uno al lado del.

otro por espacio de dos o tres minutos. El *truck* venía a una velocidad moderada. En el mismo momento que ambos vehículos van a cruzar la convergencia de la calle Pelayo, la bicicleta trató de cruzar y entonces el *truck* para evitar el choque se tiró más a su izquierda pero cogió la bicicleta. En ningún momento la bicicleta hizo señal de que iba a cruzar.''

La corte inferior, sin embargo, admite que hubo la señal, pero dice que fué para pararse y no para cruzar. Haciendo hincapié en este hecho, que la corte sentenciadora estima probado, el demandante arguye con énfasis que la señal se hizo para cruzar y que no hubo negligencia de su parte. En nuestro sentir, aún cuando el acto de extender la mano hubiera indicado que el demandante se disponía a cruzar la calle, su negligencia surge de sus propias palabras, porque hizo la señal ''al tomar la esquina, estando en la derecha, en el mismo momento de doblar.'' Francisco Ríos, testigo del demandante, declara que Ortega sacó la mano y dobló. La prueba toda tiende a demostrar que así sucedió. No actúa cautelosamente, ejerciendo cuidado razonable, la persona que, caminando en una bicicleta por una vía pública, sobre todo si se trata de una calle de mucho tránsito, extiende la mano y dobla hacia la izquierda para cruzar esa calle en el momento de dar la señal. Manifiesta Rafael Ortega que miró hacia atrás, pero que cuando se va en bicicleta no se puede mirar a larga distancia. Sea o no correcta la afirmación del demandante, la verdad es que al expresarse así admite implícitamente que puede verse a cierta distancia, y no hay duda de que pudo detenerse y mirar antes de doblar hacia la izquierda. El demandante, al cruzar la calle en el mismo momento de dar la señal, no ofreció a los vehículos que podían seguirle la oportunidad de detenerse y dejarle franco el paso. Si como surge de la prueba Rafael Ortega incurrió en negligencia, es claro que no tiene derecho a reclamar indemnización, irrespectivamente de la velocidad que desarrollaba el camión. Según el demandante dicho camión caminaba a una velocidad espan-

tosa. Su testigo Juan Piñero manifiesta que iba a bastante velocidad, con una velocidad no muy grande. Otro testigo, Francisco Ríos, declara que venía bastante ligero, a una velocidad regular, y el testigo de la demandada Hipólito Torres dice que el *truck* venía a una velocidad moderada. La prueba aportada no justifica una sentencia a favor del demandante, aun en la hipótesis de que el conductor del camión hubiese sido negligente.

Arguye el demandante que "la corte inferior erró al desestimar, por falta de jurisdicción, la moción del apelante para que se especificaran los actos u omisiones constitutivos de negligencia imputádosle por la apelada en la contestación, ya que la facultad de la corte sentenciadora para ordenar dichas especificaciones era absoluta."

La parte apelada alegó como defensa especial que si en el sitio, fecha y hora en que se dice ocurrieron los hechos, acaeció algún accidente por virtud del cual Rafael Ortega sufriera algún daño, dicho accidente se debió, si existió, única y exclusivamente a la negligencia, temeridad e imprudencia de dicho demandante, no concurriendo negligencia alguna de parte de la demandada.

El demandante solicitó que se especificasen los actos u omisiones constitutivos de negligencia, temeridad e imprudencia atribuídos al demandante y alegados como defensa especial en la contestación. La corte inferior desestimó la moción por entender que carecía de jurisdicción para considerarla en sus méritos de acuerdo con lo dispuesto en el artículo 3º. de la ley regulando apelaciones de las cortes municipales en casos civiles. Asumiendo que la corte inferior incurrió en error al declararse sin jurisdicción para considerar esta moción, no creemos que el demandante haya sido perjudicado por la actuación del referido tribunal. La demandada alegó que el demandante fué culpable exclusivamente del accidente ocurrido. La prueba aportada demuestra que los hechos descansaban en el conocimiento de la parte

demandante, quien no necesitaba de ninguna alegación específica para protegerse contra la defensa establecida por la parte demandada. La negligencia, como ya hemos dicho, surge de la propia prueba del demandante. Se desestima el error apuntado.

*Debe confirmarse la sentencia apelada.*